ANDERSON, Circuit Judge,
concurring:
I concur in the result in this case, and in all parts of the majority opinion, except the rationale for the majority’s conclusion that the warrantless search of Hudson’s house does not require suppression of the fruits of that search. The majority rejects the government’s argument that exigent circumstances justified the warrantless search, and instead concludes that the failure to suppress the fruits of that search did not affect Hudson’s substantial rights. I would hold that the district court’s factual finding—that the situation facing officers at the time of the search was volatile and dangerous—is not clearly erroneous and supports the conclusion that exigent circumstances justified the warrantless search.
As the majority notes, Hudson failed to argue before the district court that the warrantless search was improper. Accordingly, the district court made no specific findings on the matter. The court did find, however, in connection with its analysis of the public safety exception to Miranda, that the situation facing officers at the time was “very volatile” and “dangerous.” ROA, Vol. 2 at 56. The district court had also heard McNeil’s testimony in the Jackson v. Denno hearing that, on a prior occasion when he attempted to arrest Meredith, he (Meredith), accompanied by Popejoy, attempted to evade police in a high-speed chase, following which they crashed and fled on foot. McNeil further testified at the hearing that he “believe[d] that Ms. Popejoy was on the property or in the house with a gun and there were at least six law enforcement officers standing in the yard.” Id. at 54. Bearing in mind that the assessment of exigency requires an analysis of how the circumstances would have appeared to prudent, cautious and trained officers, United States v. Scro *138 ger, 98 F.3d 1256, 1259 (10th Cir.1996), and further bearing in mind that the district court evaluated the credibility of the testifying officers, I would hold that the court’s factual findings support the conclusion that exigent circumstances justified the warrantless search.